## Strawbridge *against* Funstone.

The compensation of a wife for owelty of partition already made, is subject to the control of the husband, who may submit it to arbitrators; and upon the subsequent death of the husband, the wife's rights will stand as if she had entered into the submission when sole and remained so.

ERROR to the Common Pleas of *Columbia* county.

Mary Strawbridge against Jesse Funstone. This was an action of *assumpsit*, in which the question arose whether there was any cause of action laid in the plaintiff's declaration, which was as follows:

*Columbia County, ss.*

Jesse Funstone, late of the county of Columbia, yeoman, was summoned to answer Mary Strawbridge of a plea that he render unto her $475, that he owes and unjustly detains, &c. And whereupon the said Mary Strawbridge, by Joshua W. Comly, her attorney, comes and complains for that whereas heretofore, to wit, on the twentieth day of August, in the year of our Lord one thousand eight hundred and twenty-four, at the county of Columbia aforesaid, certain differences having arisen, and being depending between one William Strawbridge, (then and there being intermarried with the said Mary Strawbridge, plaintiff in this suit,) and one Hugh Allen, and the said Jesse Funstone, of and concerning the valuation and owelty of partition of certain lands, situate in Derry township, in the county of Columbia; of which said lands, the said Mary Strawbridge, (before her intermarriage with the said William Strawbridge,) and the said Hugh Allen and Jesse Funstone, had made partition and division among themselves. That afterwards, to wit, on the twentieth day of August, in the year of our Lord one thousand eight hundred and twenty-four, at the county of Columbia aforesaid, the said William Strawbridge, Hugh Allen, and Jesse Funstone, referred all matters in variance between them, of and concerning the valuation and owelty of partition of the said lands above-mentioned, to Thomas Woodside, John F. Ross, Mathew Calvin, John Blee, and Andrew M'Reynolds, arbitrators, indifferently chosen by them, the said William Strawbridge, Hugh Allen, and Jesse Funstone. That afterwards, to wit, on the day and year last aforesaid, at the county aforesaid, the said Thomas Woodside, John F. Ross, Mathew Calvin, John Blee, and Andrew M'Reynolds, arbitrators, chosen as aforesaid, made their certain award in writing; whereby they, the said arbitrators, awarded and directed that the said

[Strawbridge v. Funstone.]

Hugh Allen and Jesse Funstone should jointly pay to the said Mary Strawbridge, the just sum of $475. That afterwards, to wit, the same day and year last aforesaid, at the county of Columbia aforesaid, the said William Strawbridge, Hugh Allen, and Jesse Funstone, by their deed underwritten the said award, so made as aforesaid by the said Thomas Woodside, John F. Ross, Mathew Calvin, John Blee, and Andrew M'Reynolds, bound themselves, under their hands and seals, to be bound by the same award; which said award, together with the said deed underwritten the same, the said Mary Strawbridge here brings into court, &c. And the said Mary Strawbridge further avers, that before the commencement of this suit, to wit, on the twentieth day of October, in the year of our Lord one thousand eight hundred and thirty, at the county aforesaid, the said William Strawbridge and the said Hugh Allen both died.

Nevertheless, the said Jesse Funstone and the said Hugh Allen, in the lifetime of the said Hugh Allen, (although often required,) the aforesaid sum of $475 to the said William Strawbridge and Mary Strawbridge, or either of them, in the lifetime of the said William Strawbridge, or to the said Mary Strawbridge, after the death of the said William Strawbridge, yet hath not rendered, but the same to the said William Strawbridge and Mary Strawbridge, to render hitherto have altogether refused, and the same to the said Mary Strawbridge to render, the said Jesse Funstone still doth refuse. To the damage of the said Mary Strawbridge $1000, and thereof she brings suit, &c.

The defendant pleaded *non assumpsit infra sex annos, non est factum, nil debet,* no award, no reference or submission, and payment with leave, &c.

Plaintiff replied, that it is his deed, that there is an award, that there was a reference and submission, and demurred to the pleas of *nil debet* and *non assumpsit infra sex annos.*

The court below rendered a judgment for the defendant on the demurrers, on the ground that there was no legal cause of action set forth in the plaintiff's declaration.

*Comly* and *Hepburn,* for plaintiff in error, argued that the cause of action survived to the wife. 1 *Rawle* 455; 2 *Vern.* 683; 16 *Mass.* 480; 17 *Mass.* 57; 1 *Chit. Pl.* 22.

The plea of the Statute of Limitations was inapplicable to the cause of action. 2 *Saund.* 64; 1 *Chit. Pl.* 478; 1 *Saund.* 38; 2 *Saund.* 187 *a.*

*Ellis* and *Frick, contra.* The reference was part of the partition affecting the wife's real estate, and therefore not under the control of the husband; his acts were void. 11 *Law. Lib.* 22; 1 *Rolle's Rep.* 268; *Com. on Con.* 35; 1 *Bac. Ab.* 207.

[Strawbridge v. Funstone.]

The wife not being a party to the submission, cannot recover on the award.   2 *Day* 560; 4 *Am. Com. Law* 65; 16 *Serg. & Rawle* 237; 13 *Mass.* 396.

PER CURIAM.—The claim did not touch the freehold of the wife, but only her compensation for owelty of a partition already made, which was personal; and her husband therefore had power to bind her by his submission of it.   The amount was awarded exclusively to herself; and as her husband might recover it, or leave it to her chance of survivorship, his death placed her as she would have stood had she herself entered into the submission when sole, and remained so.   It appears, therefore, that a good cause of action was set out on the declaration.

Judgment reversed, and a *procedendo* awarded.